# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COURTNEY GREEN, | |
| Plaintiff, | 3:17-cv-00957 (CSH) |
| v. | |
| EDWARD MALDONADO, CT DEPARTMENT OF CORRECTION, JOHNNY WRIGHT, GARY WRIGHT, KOPACZ, | JULY 5, 2018 |
| Defendants. | |

## RULING ON MOTION FOR RECONSIDERATION

**Haight, Senior District Judge:**

Plaintiff Courtney Green ("Plaintiff" or "Green"), is an inmate currently incarcerated at Osborn Correctional Institution ("Osborn") in Somers, Connecticut. Green's Second Amended Complaint, filed *pro se*, alleges that Defendants Warden Edward Maldonado, Deputy Warden Gary Wright, Dr. Johnny Wright, Correctional Officer Kopacz, and the Connecticut Department of Correction ("DOC"), (collectively, "Defendants") have discriminated against him on the basis of his disability and have subjected him to unconstitutional conditions of confinement. On June 6, 2018, the Court granted Defendants' motion to dismiss the Second Amended Complaint, in part, and dismissed certain claims and Defendants from the action. Doc. 41. Familiarity with the Court's Ruling is assumed. Plaintiff now moves for reconsideration of the Court's June 6, 2018, Ruling. For the reasons that follow, Plaintiff's motion is denied.

# I. STANDARD FOR REVIEW

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). The Second Circuit has adhered to the strict standard for reconsideration set forth in *Shrader. See, e.g.*, *Oparah v. New York City Dep't of Educ.*, 670 F. App'x 25, 26 (2d Cir. 2016) (quoting *Shrader,* 70 F.3d at 257). The Local Rules of Civil Procedure in this District dictate that "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c)(1).

It is well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir.1998)), *as amended* (July 13, 2012). *See also Shrader,* 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21–22 (D. Conn. 2005) ("A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." (quotation marks and citation omitted)); *Range Rd. Music, Inc. v. Music Sales Corp.,* 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000) ("[A] motion for reconsideration is appropriate only where the movant

demonstrates that "the Court has overlooked controlling decisions or factual matters that were *put before it on the underlying motion* . . . and which, had they been considered, might have reasonably altered the result before the court." (emphasis in original) (citation and quotation marks omitted)). It thus follows that the "major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (quotation marks and citation omitted). *See also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (same).

## II. DISCUSSION

Plaintiff contends that the Court should reconsider that part of its June 6, 2018, Ruling that dismissed Plaintiff's section 1983 claims based on the Eighth Amendment against Defendant Edward Maldonado. Plaintiff contends that "this Court may have overlooked certain documents that establishes Warden Edward Maldonado's culpability in this action." Plaintiff's Motion for Reconsideration, Doc. 42 at 2 (sic). Plaintiff argues that under the DOC's Administrative Directives, Maldonado, the Unit Administrator, failed to act within the scope of his authority in rejecting Plaintiff's Administrative Remedy. *See id.* at 3. Plaintiff contends that Maldonado "worked in concert" with Defendant Kopacz to subject Plaintiff to unsafe and hazardous conditions, and that Maldonado was the "level 1 reviewer who ultimately made the decision to continue to subject Plaintiff to hazardous shower conditions." *Id.* Plaintiff also argues that Maldonado "knew that when he rejected Plaintiff's Administrative Remedies the plaintiff was able to appeal. The plaintiff could not appeal due to Edward Maldonado intentionally lying to plaintiff by informing him that he had exhausted his Administrative Remedies." *Id.* at 3-4 (citations omitted).

3

The Court expresses no present view as to whether such facts, if pled, would be sufficient to state a plausible section 1983 claim against Maldonado. For the present purposes, it is sufficient to state that such allegations appear nowhere in Plaintiff's pleadings. Plaintiff's Second Amended Complaint contains just one factual allegation regarding Maldonado: Plaintiff alleges that Maldonado signed the Americans with Disabilities Act ("ADA") appeal. *See* Doc. 19, ¶10 ("The ADA appeal was signed by Warden Maldonado."). The remainder of the allegations regarding Plaintiff's appeal in his Second Amended Complaint concern Defendant Kopacz. Specifically, Plaintiff alleges that Kopacz returned the appeal, provided Plaintiff with a reason for its rejection, signed the appeal, and wrongfully and intentionally informed Plaintiff that he had exhausted his administrative remedies. *See id.* There are no such allegations regarding Maldonado. Further, although Plaintiff contends that the Court "overlooked certain documents," no documents are attached to Plaintiff's original or amended Complaint.[1]

Upon careful review, the Court finds that it did not overlook any information in dismissing Plaintiff's Eighth Amendment claims against Maldonado. The allegations that Plaintiff asserts

---

[1] Plaintiff attached several documents to his objection to Defendants' motion to dismiss, Doc. 40, and to the instant motion for reconsideration, including the grievance at issue, Doc. 40 at 37, and several DOC Administrative Directives. "While courts generally do not consider matters outside the pleadings, they may consider documents attached to the pleadings, documents referenced in the pleadings, or documents that are integral to the pleadings in order to determine if a complaint should survive a 12(b)(6) motion." *Smart v. Goord*, 441 F. Supp. 2d 631, 637 (S.D.N.Y. 2006) (quotation marks and citation omitted), on reconsideration in part, No. 04-CV-8850(RWS), 2008 WL 591230 (S.D.N.Y. Mar. 3, 2008). The Court notes that the documents Plaintiff cites to in support of his motion for reconsideration do not affect the Court's analysis nor the outcome of its Ruling. As discussed in the Court's Ruling, the fact that a prison supervisor signs a grievance or responds to a medical issue, without more, is insufficient to establish that official acted with deliberate indifference for the purposes of an Eighth Amendment claim. *See* Doc. 41 at 12-13. There is nothing in the documents attached to Plaintiff's opposition and motion for reconsideration that would indicate that Maldonado acted with deliberate indifference to Plaintiff's health and safety.

against Maldonado in his motion for reconsideration do not appear in the Second Amended Complaint, which, construing all factual allegations in Plaintiff's favor, provides no basis to find supervisory liability or deliberate indifference on behalf of Maldonado. Accordingly, Plaintiff's motion for reconsideration will be denied. To the extent Plaintiff believes that, consistent with his obligations under Rule 11 of the Federal Rules of Civil Procedure, he can assert factual allegations that, if proven true, would impose liability on Maldonado, Plaintiff may avail himself of his right to seek to amend his complaint, either with Defendants' consent, or with the court's leave. Fed. R. Civ. P. 15(a)(2).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Reconsideration* is DENIED.

**It is SO ORDERED.**

Dated: New Haven, Connecticut
      July 5, 2018

                                        */s/ Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge