UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COURTNEY GREEN,<br><br>        Plaintiff,<br>  v.<br><br>EDWARD MALDONADO, CT<br>DEPARTMENT OF CORRECTION,<br>JOHNNY WRIGHT, GARY WRIGHT,<br>KOPACZ,<br><br>        Defendants. | 3:17-cv-00957 (CSH)<br><br><br>OCTOBER 30, 2018 |

## RULING ON MOTION FOR LEAVE TO AMEND

**HAIGHT, Senior District Judge:**

Plaintiff *pro se* Courtney Green, a Connecticut prison inmate who has commenced this civil rights action against the State Department of Correction and several prison employees, has filed a motion [Doc. 44] for leave to further amend his complaint, in the form of a "Third Amended Complaint" attached to his motion papers. The motion is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure. For the reasons which follow, this motion to amend will be denied.

The case has been the subject of two earlier Rulings by the Court. The first of these Rulings, 2018 WL 2725445 (D. Conn. June 6, 2018), on Defendants' motion to dismiss Plaintiff's Second Amended Complaint, granted the motion to dismiss in part, denied dismissal in part, and dismissed certain claims and Defendants from the action.[1] The Second Ruling, 2018 WL 3302590 (D. Conn.

---

[1] The Court's Ruling on Defendants' motion to dismiss Plaintiff's Second Amended Complaint is available at Docket Number 41.

1

July 5, 2018), denied Plaintiff's motion for reconsideration of the first Ruling.[2] Familiarity with both Rulings is assumed.

Plaintiff's present motion asks for the Court's "permission for leave to amend his complaint, so that he can assert factual allegations that impose liability on Edward Maldonado." Doc. 44 at 1. That stated purpose arises out of certain background facts which it is necessary to recount briefly.

Edward Maldonado, one of several individual Defendants, is identified in the Second Amended Complaint [Doc. 19] as the "Warden at Osborn Correctional Institution," the Connecticut prison where Green was incarcerated during the incidents in suit. Doc. 19 at 2. "Defendant Kopacz" (first name not alleged) is identified as "a correctional officer and Administrative Remedies Coordinator" at Osborn. *Id*.

Green's Second Amended Complaint alleges a wrongful failure by Osborn prison administrators to assign Green shower accommodations which he needed because of a physical limitation. Green was denied a unit transfer. He filed an appeal of that issue, allegedly "in a timely manner pursuant to Administrative Directive 9.6(6), CI Administrative Remedies." Doc. 19 at ¶ 7. Paragraph 10 of the Second Amended Complaint begins with the allegation: "On or about January 10, 2017, the plaintiff's ADA appeal was returned from Correctional Officer/Administrator Kopacz." That paragraph then alleges in detail what Kopacz said or did not say, did or did not do, at or about the time when as Administrative Remedies Coordinator he "signed the plaintiff's ADA appeal." After these allegations relating to Kopacz's conduct, ¶ 10 of the Second Amended Complaint concludes with the allegation: "The ADA appeal was signed by Warden Maldonado." Green swore

---

[2] The Court's Ruling on Plaintiff's motion for reconsideration is available at Docket Number 43.

to the truth of the allegations contained in ¶ 10 (and elsewhere throughout the pleading). Doc. 19 at 9.

The Court's Ruling on Defendants' motion to dismiss held that the Second Amended Complaint, in its recitation of Kopacz's acts of omission and commission, "alleged sufficient facts to establish an Eighth Amendment claim for deliberate indifference to Plaintiff's health and safety against Kopacz." 2018 WL 27254445 at *5. Plaintiff's claim against Kopacz in his individual capacity survived dismissal. As for Warden Maldonado, the Court held: "Plaintiff's claim against Maldonado is based on the sole allegation that his signature appears on plaintiff's ADA appeal denial," a "bare allegation" that is "insufficient to establish that Maldonado acted with deliberate indifference to plaintiff's health and safety." *Id*. at *6. Plaintiff's claims against Maldonado were dismissed.

Plaintiff's motion for reconsideration articulated certain theories of complicity on Maldonado's part, but no allegations in the Second Amended Complaint supported them, and the Ruling denying reconsideration reiterated that the pleading "contains just one factual allegation regarding Maldonado"—that he signed off on the denial of Green's administrative appeal. 2018 WL 3302590, at *2. The reconsideration Ruling concluded by saying that if Plaintiff "can assert factual allegations that, if proven true, would impose liability on Maldonado, Plaintiff may avail himself of his right to seek to amend his complaint, either with Defendants' consent, or with the court's leave." *Id.*

The Defendants having failed to consent, Green now moves to further amend his complaint. He includes with his motion a proposed Third Amended Complaint [Doc. 44]. Green also swears to the factual accuracy of that pleading. Doc. 44 at 14. The stated purpose of the

proposed amended pleading is to "assert factual allegations that impose liability on Edward Maldonado." *Id.* at 1. It is necessary to consider the facts that Green deems sufficient for that purpose. The exercise will not take long. All Green does in support of this motion is to change ¶ 10 of the Second Amended Complaint by deleting the name "Kopacz" and replacing it with the name "Maldonado." That is to say – and the proposition is so startling, it is useful to restate it – wherever in the prior complaint Green swore under oath that Kopacz did or failed to do certain acts, Green now swears under oath that it was Maldonado who did or failed to do them. The contrast is striking, since each of the seemingly contradictory versions purports to depend upon Green's personal knowledge of the relevant facts. These circumstances militate against granting leave to Plaintiff to file and serve the proposed amended complaint. Whether or not to do so is vested in the Court's informed discretion. This chronology of events supports, if it does not compel, the inference that Plaintiff is editing his recitation of facts in order to avoid the adverse effect of the Court's Ruling dismissing his claim against Warden Maldonado. That is not a favored litigation stratagem. In *Svege v. Mercedes-Benz Credit Corp.*, 329 F. Supp. 2d 285, 287 (D. Conn. 2004), Judge Kravitz stated "[a]s a general rule, of course, a party's pleadings are admissible as admissions, either judicial or evidentiary, as to the facts alleged in that pleading," and quoted the Second Circuit's declaration in *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984): "A party cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories." That is not an appropriate function of an amended pleading. In *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2d Cir. 1929), Judge Swan said "[w]hen a pleading is amended

4

or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agaent, and as such it is competent evidence of the facts stated, though incontrovertible, like any other extra-judicial statement made by a party or his agent." In *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 Civ. 0400, 2008 WL 4386764, at *13 (S.D.N.Y. Sept. 24, 2008), which denied leave to amend a *pro se* complaint, the district court said of the proposed pleading: "Colliton's Amended Complaint contradicts his verified original complaint, in a transparent attempt to plead around the legal defenses presented by Cravath in its pre-motion letter to this Court." The question that arises in this case is whether Green is engaged in a similar exercise.

While Rule 15(a)(2) provides that the district court "should freely give leave [to amend] when justice so requires," the Supreme Court held in *Foman v. Davis*, 371 U.S. 178, 182 (1962) that leave should be denied when sought in "bad faith" or the "futility of the amendment" appears, as where an amended complaint would not survive a motion to dismiss. In the case at bar, the present motion does not reveal the circumstances in which the proposed amended complaint suddenly depicts Maldonado as the individual performing the acts which the prior complaint alleges were performed by Kopacz. If this is simply an effort by Plaintiff to revive a dismissed claim against Maldonado, it is not an amendment sought in good faith, and would not survive a motion to dismiss. In consequence, Plaintiff's motion [Doc. 44] for leave to file a Third Amended Complaint in the form attached to his motion is DENIED on the present record. If Plaintiff wishes to reassert that motion, he must file an affidavit **on or before November 16, 2018** which explains the manner and circumstances in which the allegations in the pleadings were changed and amended, in the particulars discussed in this Ruling.

**It is SO ORDERED.**

Dated: New Haven, Connecticut
October 30, 2018

                                                    */s/ Charles S. Haight, Jr.*
                                                    CHARLES S. HAIGHT, JR.
                                                    SENIOR UNITED STATES DISTRICT JUDGE